The problems raised by the pre-trial agreement signed by both parties prior to the Deputy hearing in this case require a brief comment. In the agreement, the parties limited the issues to be contested at the Deputy hearing to: "(a) Did Plaintiff suffer an injury by accident on August 16, 1994 arising out of and in the course of her employment with Defendant? (b) What amount of permanent partial disability did Plaintiff sustain?" Defendant now comes before the Full Commission and argues that it was error for the Deputy Commissioner to award temporary total disability compensation because Defendant was not prepared for, and therefore did not develop, medical testimony on this issue. While the Full Commission recognizes the importance and binding nature of pre-trial agreements, we do not believe it is reasonable to limit the issues to be decided by the Deputy Commissioner in this case. The Defendant stipulated into evidence all plaintiff's medical records which showed that she has a continuing disability and is unable to return to work. Defendant cannot now argue to being "blind sided" by the issue of temporary total disability in light of the evidence plaintiff presented. Defendant was given ample time to depose medical experts on this or any other issue, but chose not to take any medical depositions. Defendant, after the deputy hearing and the submission of medical records, could have moved to present evidence to the Deputy on the issue of temporary total disability. Defendant chose not to at that time. The Full Commission therefore affirms the Deputy's determination that sufficient evidence exists in the medical records to award temporary total disability compensation in this case.
* * * * * * * * * * *
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in the pre-trial agreement and at the hearing as:
STIPULATIONS
1. All parties are properly before the Court and the Court has jurisdiction of the parties and the subject matter.
2. All parties have been correctly designated and there is no question as to misjoinder or nonjoinder of parties.
3. Neither of the parties in this action are appearing in a representative capacity.
4. There are no third party Defendants or crossclaimants.
5. The plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. At the time of the original hearing, plaintiff was an unemployed, 36 year-old single female with one child. She did not have an antecedent history of low back problems prior to August 16, 1994.
2. On July 26, 1994 plaintiff became employed as a certified nursing assistant by defendant-employer, Convalescent Center of Lee County, Inc., which was owned by Doyle J. Cox and Patricia A. McCormak, and had earlier worked from May 12, 1994 to June 5, 1994 as a certified nursing assistant at another facility owned by the same employers, Convalescent Center of Sanford, Inc.
3. As part of her duly assigned ordinary employment duties plaintiff was responsible for getting the facilities patients up for breakfast and dressed. At approximately 9:00 a.m. on the Tuesday, August 16, 1994 date in question, plaintiff was involved in getting one of her assigned patients up for breakfast and dressed. In the process thereof plaintiff not only experienced an interruption of her normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences, but a specific traumatic incident when the particular patient started to fall and plaintiff went to the floor in catching her resulting in the disabling, and otherwise compensable, back injury giving rise hereto manifested by sharp pain in her right lower back and hip.
4. Despite her pain, plaintiff was able to complete the work day and was scheduled to be off Wednesday and Thursday. She treated herself at home with a heating pad and hot baths and assumed her condition would improve; however, instead of improving, her condition worsened resulting in her having difficulty getting out of bed on Thursday morning and being unable to return to work on Friday. On Friday, August 19, 1994, plaintiff sought medical treatment from her family physician, Dr. Robert H. McConville, a practitioner associated with Sandhills Family Practice, who is also the so-called "company" physician. He provided a conservative course of treatment consisting of taking her out of work, medication, ice packs, a heating pad, and physical therapy, the latter of which was discontinued after her symptoms worsened.
5. When Dr. McConville was unsuccessful in alleviating plaintiff's chronic incapacitating pain he referred her to Dr. David Ciliberto, a Sanford orthopaedic surgeon, who recommended progressive physical activity to overcome her pain symptoms.
6. Because plaintiff's condition did not improve Dr. Ciliberto recommended a referral to North Carolina Memorial Hospital for a second opinion. On October 18, 1994 she was seen at the Orthopedic Clinic there by Dr. Joe T. Minchew, who initially recommended a continued course of treatment, but when she returned for re-evaluation on November 9, 1994 Dr. Minchew referred her to the Pain Management Clinic for alternative conservative measures because her symptoms had worsened in the interim.
7. On July 28, 1995 plaintiff underwent an evaluation at UNC Memorial Hospital's Anesthesiology Pain Clinic by Dr. Sunil Dogra, who initially recommended a trial of a TENS unit, which helped plaintiff's pain and also recommended two additional medications, which have not helped plaintiff's pain because of their adverse side effects. These treatments were followed by injections and a functional capacity evaluation. In the interim, in February of 1995 plaintiff had developed a more severe eye condition, cataracts, requiring immediate medical treatment and that putting her back problem on hold until the end of May while she was being treated for her visual problems.
8. Dr. Dogra at the Pain Management Clinic referred plaintiff to the Department of Physical Medicine Rehabilitation for evaluation, which recommended another course of physical therapy because, in his opinion, plaintiff had never received an adequate course of physical therapy, a functional capacity evaluation to determine her limitations, and a follow-up by the Pain Management Clinic and Dr. Minchew.
9. Plaintiff was seen in follow-up by Dr. Minchew on October 10, 1995 and on January 25, 1996 underwent a functional capacity evaluation. Because the same functional capacity evaluation indicated that plaintiff was unable to return to her regular certified nursing assistant's job, a work hardening program was recommended on a trial basis emphasizing strength, fitness, stabilization principles, and specific job simulations. On February 7, 1996 plaintiff began the same program and at least during the period from February 7 to February 23, 1996 for which there are stipulated records indicating plaintiff was making progress. By the time of Dr. McConville's stipulated March 21, 1996 correspondence to defense counsel, plaintiff was still undergoing that program and had not reached maximum medical improvement from her back injury; but rather still remained under Dr. McConville's care and her incapacitating back pain was no better despite multiple medications, TENS unit care, and physical therapy. After all this treatment, plaintiff remained unable to return to work. Because of the same pain there are some days when plaintiff cannot get out of bed and she still has difficulty sitting or standing for any period of time.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSION OF LAW
On August 16, 1994 plaintiff sustained an injury by accident arising out of and in the course of her employment from which she has not yet reached maximum medical improvement and as a result has remained totally disabled since August 17, 1994 entitling her to compensation at a rate of $160 per week from August 17, 1994 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled, subject to a change of medical or employment condition.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendant shall pay plaintiff, on account of her continuing total disability, compensation at a rate of $160 per week from August 17, 1994 to the scheduled hearing date and thereafter continuing at the same rate so long as she remains totally disabled, subject a change of medical or employment condition. Such compensation as has accrued hereunder shall be paid in a lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. At this time a reasonable attorney fee in the amount of twenty-five percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same Award and forwarded directly thereto. For the balance of the fee defendant shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent it is reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith, defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto when bills for the same are submitted in accordance with the Industrial Commission rules.
4. Defendant shall bear the costs of this appeal.
 S/ __________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ______________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ______________________ COY M. VANCE COMMISSIONER